UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD ANGELO McFEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF MINNESOTA, and<br>RAMSEY COUNTY,<br><br>　　　　　Defendants. | Civil No. 11-3614 (SRN/LIB)<br><br>**REPORT AND RECOMMENDATION** |

　　　Plaintiff commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.)  Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)  By order dated December 21, 2011, (Docket No. 4), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $46.70, as required by 28 U.S.C. § 1915(b)(1).[1]

　　　Plaintiff recently paid his initial partial filing fee, (Docket No. 5), and thus the matter is now before the Court for initial screening, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.[2]  For the reasons discussed below, the

---

　　　[1] When Plaintiff commenced this action, he was incarcerated at the Minnesota Correctional Facility at Lino Lakes, Minnesota.  Because Plaintiff was a "prisoner," (see 28 U.S.C. § 1915(h)), he was required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Plaintiff recently filed a "change of address" notice, which indicates that he is not presently in prison.  A website maintained by the Minnesota Department of Corrections confirms that Plaintiff was released from prison on January 17, 2012.

　　　[2] Because Plaintiff was incarcerated when he commenced this action, his complaint was then subject to screening pursuant to 28 U.S.C. § 1915A.  It is unclear whether

Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed.

## I. BACKGROUND

Plaintiff is attempting to sue Ramsey County (Minnesota), and the State of Minnesota. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "(1) Sentence to serve 1 year at Ramsey County Correctional facility workhouse for Gross mis Domestic Assault.
>
> (2) Sentence on January 27th 2010 with 38 days jail credic [sic] sentence end Augest [sic] 25th 2010.
>
> (3) After the compleationl [sic] of another unrelated charge in which I were sentence to prison, Judge Ms Taresa Warner order for me to be detain for Ramsey county because she believe that I still owe jail time on the gross miss domestic assault which ended on August 25, 2010
>
> (4) Ramsey county public defender Mr. linney Castro file a motion to the Ramsey county chief judge and request that I be release from custody because I was being held illegally and with in 24 hours the chief judge release me on October 11, 2010 with out questioning."

(Complaint, [Docket No. 1], p. 3 and attachment, "STATEMENT OF CLAIM.").

Based on these allegations, Plaintiff is seeking compensatory and punitive damages from Defendants Ramsey County and the State of Minnesota for "mental, emotional, family stress" and "lost wages [and] lost 401 K wages." (Id., p. 3, "RELIEF.")

## II. DISCUSSION

Plaintiff was in state prison when he commenced this action, (see n. 1, supra), and

---

Plaintiff's subsequent release from prison, (see n. 1, supra), affects the applicability of § 1915A. However, even if Plaintiff's complaint is no longer subject to screening under § 1915A, it remains subject to preliminary review under 28 U.S.C. § 1915(e)(2).

he is seeking redress from two government entities, (Ramsey County and the State of Minnesota). Therefore, Plaintiff's complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff fails to state a cause of action on which relief can be granted, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).[3]

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some appropriate redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

---

[3] As previously noted, (see n. 2, supra), even if Plaintiff's complaint is no longer reviewable under § 1915A because he was released from prison after he commenced this action, the complaint is still subject to sua sponte review pursuant to § 1915(e)(2)(B). Under that statute, a complaint filed by any person who applies for IFP status, (prisoner or non-prisoner), is always subject to sua sponte review at any time. If the Court finds that an IFP applicant has filed a complaint that fails to state a cause of action on which relief can be granted, the case will be dismissed pursuant to § 1915(e)(2)(B)(ii). See Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) ("a district court may dismiss an action filed in forma pauperis 'at any time' if the court determines that the action fails to state a claim on which relief may be granted"). Because Plaintiff is an IFP applicant, his complaint is subject to review under § 1915(e)(2)(B), even if it is no longer subject to review under § 1915A.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To bring an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, Plaintiff has failed to plead any actionable § 1983 claim against either of the two named Defendants. There are two fatal defects in Plaintiff's complaint.

4

First, Plaintiff has not identified any legal basis for his lawsuit. More specifically, Plaintiff has not alleged that Defendants violated his federal constitutional rights. Indeed, Plaintiff's complaint makes no reference to the Constitution, or to any constitutional provision. Moreover, even with the benefit of liberal construction, the complaint does not describe any facts or circumstances that could be viewed as a violation of Plaintiff's constitutional rights. For this reason alone, Plaintiff has not pleaded an actionable § 1983 claim.

Second, Plaintiff has not described any specific wrongful acts or omissions by either of the named Defendants. In fact, the complaint does not describe anything that either the State of Minnesota, or Ramsey County itself, did or failed to do. Therefore, Plaintiff obviously has not alleged a set of facts showing that either of the two named Defendants violated his federal constitutional rights. For this additional reason, Plaintiff has failed to plead an actionable § 1983 claim.[4]

## III. CONCLUSION

---

[4] It appears that Plaintiff might be attempting to hold Ramsey County vicariously liable for some alleged wrongful act or omission by a County employee. (This is sheer speculation, of course, because Plaintiff has not actually alleged that any County employee violated his constitutional rights.) However, if that is what Plaintiff had in mind, his claim against Ramsey County is plainly unsustainable, because the doctrine of respondeat superior is not applicable to § 1983 actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

The Court also notes that Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment. See Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988) ("'the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies'") (quoting Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)).

For the reasons cited above, the Court finds that Plaintiff has failed to plead an actionable claim for relief under 42 U.S.C. § 1983, (or any other cause of action on which relief can be granted). The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed. Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[5] To date, he has paid $46.75, so he still owes $303.25.[6] Finally, because Plaintiff has failed to state a cause of action on which relief can be granted the Court will recommend that the dismissal of this action be counted as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

---

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

[6] 28 U.S.C. § 1915(b)(2) requires that the unpaid balance of the filing fee must be paid by making deductions from Plaintiff's prison trust account. The Court recognizes that, as a practical matter, the fee payment provisions of § 1915(b)(2) cannot be implemented at this time, because Plaintiff is not currently incarcerated. However, if Plaintiff ever returns to prison, by violating the terms of supervised release or committing some new crime, § 1915(b)(2) might then become applicable.

    2. This action be **SUMMARILY DISMISSED**;

    3. Plaintiff be required to pay the unpaid balance of the court filing fee, namely $303.25, in accordance with 28 U.S.C. § 1915(b)(2); and

    4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Dated: January 24, 2012

                                                  s/Leo I. Brisbois
                                                  LEO I. BRISBOIS
                                                  United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 7, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.